UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAMES MOORE

VERSUS

PROGRESSIVE SECURITY
INSURANCE COMPANY, ET AL.

CIVIL ACTION

NO. 13-415-JJB-SCR

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the defendants Eric Samuels, Taylor Express, Inc., and National Interstate Insurance's Motion (doc. 9) for Summary Judgment on Liability. The plaintiff James Moore opposed the motion. (Doc. 11). Jurisdiction is based on 28 U.S.C. § 1332. Oral argument is not necessary. For the reasons provided herein, the Court **DENIES** the defendants' Motion (doc. 9) for Summary Judgment on Liability.

**Background**

This case arises out of a three-car accident occurring on October 12, 2011 at the I-10/I-12 split for east-bound traffic in Baton Rouge, Louisiana. The accident occurred at approximately 2:00 p.m. on that day, when the weather was clear and the road surface was dry. Among the cars involved, the lead vehicle was a 2000 GMC Jimmy, driven by Roxanne Vergera. The plaintiff's vehicle—a 1998 Ford F-150—was the middle car. And the defendant Eric Samuels drove the rear vehicle, which was an 18-wheeler.

In his petition, the plaintiff alleges that Roxanne Vergara swerved into the path of his vehicle and "stopped," which caused the plaintiff to quickly apply his brakes. (Doc. 4-1, p. 10, ¶ 4). As a result, the plaintiff asserts that the defendant's 18-wheeler collided with the rear of his vehicle. *Id.* Consequently, the plaintiff suffered physical injury and other economic harm.

1

Thereafter, the plaintiff sued multiple parties, including the present defendants, claiming negligence on the part of both the lead vehicle's driver and the 18-wheeler's driver.[1] At the time of the accident, Eric Samuels was in the course and scope of his employment with Taylor Express Inc., and thus, the plaintiff asserts that Taylor Express Inc. is vicariously liable for the harm caused by its employee. (Doc. 4-1, p. 11, ¶ 7). Additionally, the plaintiff claims that Taylor Express Inc. possessed a liability insurance policy provided by National Interstate Insurance, which was in full force and effect at the time of the accident. Subsequently, the defendants filed the pending motion for summary judgment, claiming that the "sole cause of the accident was the negligent driving of Roxanne M. Vergara." (Doc. 9-1, p. 1).

**Analysis**

1. <u>Summary Judgment Standard</u>

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial. When the non-moving party has the burden of proof at trial, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty*

---

[1] The plaintiff subsequently dismissed the lead-vehicle driver, Ms. Vergara.

*Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). Furthermore, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

"In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence." *Melancon v. Ascension Parish*, 823 F. Supp. 401, 404 n.19 (M.D. La. 1993). "To the contrary, all evidence is considered in the light most favorable to the non-movant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (quoting *Anderson*, 477 U.S. at 255).

2. <u>Negligence and "Sudden Emergency Doctrine"</u>

In their motion for summary judgment, the defendants claim that the driver of the lead vehicle, Roxanne Vergara, was the sole cause of the accident, as her actions presented a sudden emergency that resulted in the multi-car collision.

"To recover under Louisiana's negligence law, a plaintiff must establish the following: '(1) [t]he conduct in question was a cause in fact of the resultant harm; (2) [t]he defendant owed a duty to plaintiff; (3) [t]he duty owed was breached; and (4) [t]he risk or harm caused was within the scope of the breached duty.'" *Livous v. Otis Elevator Co.*, 2013 WL 1385487, at *1

(M.D. La. Apr. 3, 2013) (quoting *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361–62 (La. 1992)). Of specific relevance to this case, Louisiana Revised Statutes 32:81(A) provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." "Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. R.S. 32:81 and thus is presumed negligent." *Domingo v. State Farm Mut. Auto. Ins. Co.*, 54 So. 3d 74, 80 (La. App. 5 Cir. 2010) (citing *Mart v. Hill*, 505 So. 2d 1120, 1123 (La. 1987)). "To rebut the presumption of fault, a following motorist must establish that she had her vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances." *Lailhengue v. United States*, 2011 WL 5417118, at *3 (E.D. La. Nov. 9, 2011) (citing *Phipps v. Allstate Ins. Co.*, 924 So. 2d 1081, 1084 (La. App. 5 Cir. 2006)). "The presumption of negligence is on the following driver and he bears the burden of exonerating himself." *Domingo*, 54 So. 3d at 80.

"Alternatively, the following motorist must show that the lead driver negligently created a hazard which could not reasonably be avoided," which is known as the "sudden emergency doctrine." *Holland v. State Farm Mut. Auto. Ins. Co.*, 973 So. 2d 134, 137 (La. App. 2 Cir. 2007) (citing *Taylor v. Voigtlander*, 833 So. 2d 1204 (La. App. 2 Cir. 2002); *Wheelis v. CGU Ins.*, 803 So. 2d 365 (La. App. 2 Cir. 2001)). "This doctrine provides that a following motorist will be adjudged free from fault if the following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle, which could not be reasonably avoided, unless the emergency is brought about by his own negligence." *Ly v. State Through Dept. of Public Safety*

*and Corrections*, 633 So. 2d 197, 201 (La. App. 1 Cir. 1993) (citing *Fontenot v. Boehm*, 512 So. 2d 1192, 1194 (La. App. 1 Cir. 1987)).

Recently, in the case of *Iglinsky v. Player*, this Court evaluated the applicability of the sudden emergency doctrine at the summary-judgment stage. 2010 WL 4905984 (M.D. La. Nov. 24, 2010). In that case, the Court cited favorably to the following language from the Louisiana state court case *Manno v. Gutierrez*:

> We note first that the application of the sudden emergency doctrine requires factual determinations concerning whether the driver was confronted with imminent peril and whether there was sufficient time to consider and weigh the circumstances in order to take action to avoid an impending danger. While we cannot say that it would never be possible to apply the doctrine on a motion for summary judgment . . . by the nature of the sudden emergency doctrine, it would seem rarely appropriate on a motion for summary judgment.

2010 WL 4905984, at *6 (citing *Manno*, 934 So. 2d 112, 118 (La. App. 1 Cir. 2006)). Thereafter, the Court did note that other Louisiana state appellate circuits had granted summary judgment based on the sudden emergency doctrine. *Id.* Nevertheless, the Court ruled that it could not find that the existence of an emergency situation was undisputed at the summary judgment stage, and thus, could not grant summary judgment based on the sudden emergency doctrine.

Similarly, the Court presently finds that there are genuine issues of material fact regarding whether the sudden emergency doctrine applies to the case at hand so as to relieve the defendants of liability. While Mr. Samuels—the driver of the rear vehicle—testifies that the vehicle driven by Ms. Vergara came to a complete stop on the interstate, there is testimony that controverts this assertion. (Doc. 9-2, p. 8; doc. 9-4, p. 23; doc. 9-6, p. 8–9). Ms. Vergara, the driver of the lead vehicle, testified in her deposition that she only slowed down "a little bit" and it would not "have been much" of a slow-down, due to trying to maintain pace with the fast-moving traffic around her. (Doc. 9-2, p. 7–8). The plaintiff, who was driving the middle vehicle,

testified that Ms. Vergara slowed "down a little bit faster than normal." (Doc. 9-4, p. 30). Additionally, he testified that, while he did "rapidly" slow down, he did not recall actually slamming on his brakes. (Doc. 9-4, p. 23).

It is true that Ms. Vergara wrote in her police statement that she "caused" the accident. (Doc. 9-3). Nevertheless, Ms. Vergara testified that she assumed she caused the accident by trying to get over, but went on to reaffirm that she did not stop on the interstate and only slowed down a "little bit." (Doc. 9-2, p. 8).

The plaintiff also testified that Ms. Vergara had attempted to get from one lane to the other lane prior to the accident. (*See* doc. 9-4, p. 23–24). However, the plaintiff testified that any "swerving" was only in the actual lane of travel, as Ms. Vergara's vehicle never left the lane of travel in front of the plaintiff. (Doc. 9-4, p. 30). Nonetheless, similar to the testimony regarding the extent of braking, this testimony is disputed. (*See* doc. 9-6, p. 8–9).

Based on review and looking at the evidence in the light most favorable to the plaintiff, this Court cannot grant summary judgment for the defendants, as there are still genuine issues of material fact as to what occurred and whether the "sudden emergency doctrine" applies to the situation. Nevertheless, the Court echoes the sentiments from the prior decision in *Iglinsky*:

> In denying summary judgment on this issue, the Court in no way renders an opinion as to the ultimate applicability of the sudden emergency doctrine to the merits of the case. The Court simply finds that the sudden emergency defense raises factual questions which should be addressed to the trier of fact.

2010 WL 4905984, at *6.

## Conclusion

Therefore, the Court **DENIES** the defendants' Motion (doc. 9) for Summary Judgment on Liability.

Signed in Baton Rouge, Louisiana, on June 12, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

7